

William Christian
Board Certified, Civil Appellate Law
Texas Board of Legal Specialization

512.480.5704
512.480.5804 (fax)
wchristian@gdhm.com

Mailing Address:
P.O. Box 98
Austin, TX 78767

June 5, 2025

*Via ECF*
Mr. Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place, Suite 115
New Orleans, LA 70130

Re: Cause No. 24-50631
    *Students for Fair Admissions, Inc. v. University of Texas at Austin, et al.*

Dear Mr. Cayce:

Defendants respond to SFFA's Rule 28(j) letter regarding *Speech First v. McCall*:

1. *McCall* does not support SFFA's contention that the voluntary cessation exception applies. There is a material difference between a policy change compelled by a change in the law resulting from a new statute or a watershed Supreme Court decision and a policy change effected simply to avoid an imminent adverse ruling under established law. The former does not implicate "voluntary cessation," while the latter involves the type of gamesmanship the doctrine is intended to prevent.

    Defendants' change in policy here was not "calculated" or "suspiciously timed" but instead a good-faith response to *SFFA*, as reflected in the Board of Regents' statement accompanying its decision to repeal the rule that had allowed for limited consideration of race in admissions: the Board "acknowledges the impact of the United States Supreme Court's June 29, 2023, decision prohibiting the use of an applicant's race as a factor in student admissions and directs the General Counsel to the Board to make changes in other Regents' Rules as necessary to comply with this decision as well as applicable state and federal law." ROA.1945.

2. *McCall* says nothing about the good-faith presumption afforded governmental litigants, much less purports to overrule this Circuit's longstanding precedent on the issue.

3. UT Austin offered sworn testimony of its future intentions. After describing the changes to UT Austin's admissions policies, the Vice Provost of Admissions declared: "It is the intent of the Office of Admissions to make any changes necessary to those policies or the training and supervision of Office of Admissions staff to ensure that race and ethnicity are not considered as factors in UT Austin's undergraduate admissions." ROA.1662.

The test applied in *McCall* supports the district court's mootness finding here: (1) Defendants have provided a controlling statement of future intention that race will not be considered in admissions; (2) the timing of the change is not "suspicious," but part of a reassessment of admissions policies by universities nationwide in response to *SFFA*; and (3) Defendants are not continuing to defend the old admissions policy after *SFFA*.

        Respectfully submitted,

        */s/William Christian*
        Matthew C. Powers
        Texas State Bar No. 24046650
        William Christian
        Texas State Bar No. 00793505
        Marianne W. Nitsch
        Texas State Bar No. 24098182
        GRAVES, DOUGHERTY, HEARON & MOODY
        A Professional Corporation
        401 Congress Ave., Suite 2700
        Austin, TX 78701
        (512) 480-5600
        **Attorney for Defendants-Appellees**

**CERTIFICATE OF COMPLIANCE**

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 350 words; and (2) the typeface and type style requirements of Rule 32(a)(5) because it has been prepared in proportionally spaced typeface (14-point Book Antiqua).

                                                                */s/William Christian*

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on June 5, 2025, I electronically filed the foregoing brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                                */s/William Christian*